UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Antowan D. Logan,** | ) | **CASE NO.**    5:16 CV 1461 |
| | ) |                  5:12 CR 286 |
|            **Plaintiff,** | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
|            Vs. | ) | |
| | ) | |
| **United States of America,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
|            **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 470). For the reasons that follow, the motion is DENIED.

**FACTS**

On September 26, 2012, petitioner was named as a co-defendant in a superseding indictment for his role in a drug conspiracy in the Akron, Ohio, area. Logan pled guilty to three counts of the indictment on April 11, 2013. The plea agreement set forth the factual basis for the conspiracy, stating, in part:

1

> Beginning at least as early as approximately mid-2011 to April 2012, the exact dates to the grand jury unknown, in the Northern District of Ohio, Eastern Division, Central District of California, and elsewhere, Antowan D. Logan, Dale E. Colbert, Darryl A. Colbert, and others did knowingly and intentionally combine, conspire, and agree to distribute and to possess with the intent to distribute cocaine, a Schedule II controlled substance.
>
> It was part of the conspiracy that Dale E. Colbert and Darryl A. Colbert arranged for multi-kilogram quantities of cocaine to be sent from California to locations within the Northern District of Ohio. The cocaine, hidden inside of an engine block, was shipped via a legitimate freight company to business locations in the Akron-Canton area. It was further a part of the conspiracy that either Dale E. Colbert or Darryl A. Colbert traveled to Ohio to oversee the distribution of cocaine to persons, including Antowan D. Logan.

(Doc. 225 at 11-12). The agreement included a similar factual basis for the count regarding the conspiracy to distribute marijuana. (Doc. 225 at 14-16). The agreement also set forth a number of overt acts that the defendants performed in furtherance of the conspiracy and stated that the government's evidence demonstrated that petitioner's conduct involved "at least 3.5 kilograms (and less than 5 kilograms) of cocaine, and at least 80 kilograms (and less than 100 kilograms) of marijuana." (*Id.* at 12-14, 16). At his change of plea hearing, petitioner agreed to the factual predicate for the crime as stated in the plea agreement. (Doc. 318 at 12). Because of two prior felony drug convictions, petitioner was subject to a sentencing enhancement under 21 U.S.C. § 851(a)(1), for which the mandatory minimum sentence was ten years. At his sentencing, petitioner was ultimately sentenced to 120 months on Count 1, and 78 months on Count 3 and 13, all counts to be served concurrently. (Doc. 322 at 8).

Petitioner filed a direct appeal with the Sixth Circuit, arguing that this Court erroneously denied his motion to suppress and that his guilty plea was not knowing or voluntary. The Sixth Circuit rejected both grounds for relief. (Doc. 394 at 19-22). With respect to his guilty plea, the

court held that "Logan's plea colloquy reflected that he understood his constitutional rights, the nature of the crime charged, the consequences of the plea, and the factual basis for concluding that he committed the crime....Logan further attested that he read, understood, and signed the plea agreement. These facts indicate that the guilty plea was knowing and voluntary." (*Id.* at 21-22). The Sixth Circuit's mandate affirming petitioner's sentence issued on July 13, 2015. (Doc. 397). Petitioner did not file a petition for writ of certiorari with the Supreme Court. Petitioner now seeks relief pursuant to 28 U.S.C. § 2255. (Doc. 470). The government opposes petitioner's motion.

## ANALYSIS

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner raises three grounds for relief in his petition:

(1) As a matter of law, the petitioner withdraws his guilty plea, deductible by evidence on the record prevailing from the aftermath of the direct appeal judicial proceeding;
(2) This judicial contest characterizes the outgrowth of injustice when a court of law errs in not granting severance to an individual in denial of natural justice; and
(3) The case law concerning conspiracy convictions compels reversal.

(Doc. 470 at 4-7). For the reasons discussed below, petitioner is not entitled to relief on any of these grounds.

**A. Ground One - the plea**

In his first ground for relief, petitioner seeks to withdraw his guilty plea, arguing that the plea was invalid for a variety of reasons, including:

- the district court did not engage in a sufficient plea colloquy as required by Rule 11 of the Federal Rules of Criminal Procedure;
- the factual basis for the plea was inadequate;
- petitioner did not understand what he was pleading guilty to;
- petitioner did not actually see the Bill of Particulars for the indictments, contrary to a provision in the plea agreement stating that he did;
- the amount of drugs identified in the plea agreement was confusing and led him to believe that he could be sentenced to less than ten years;
- and the district court should have suppressed the wiretap evidence.

A petitioner, however, may not use a § 2255 motion to relitigate issues that were raised and considered on direct appeal, "absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Here, the Sixth Circuit affirmed the denial of the motion to suppress, found that the plea colloquy complied with the requirements of Rule 11, found that the plea agreement did not misleadingly state the amount of drugs or the sentence that petitioner would face; found that petitioner read and understood the plea agreement, and held that petitioner's plea was knowing and voluntary. (Doc. 394 at 20-22). Aside from one issue that will be discussed below, petitioner has not identified any intervening change in the law that would permit him to relitigate these issues.[1] Thus, to the extent that the petition is based on the denial of the motion to suppress and the validity of the plea agreement, it

---

[1] Petitioner argues that he should be resentenced in accordance with Amendment 794 to United States Sentencing Guideline § 3B1.2. As discussed in Section C, Amendment 794 does not afford petitioner relief in this habeas petition.

is denied.

To the extent that petitioner argues that he should be permitted to withdraw his guilty plea because the prosecution breached the plea agreement, the claim is procedurally defaulted because petitioner did not raise this claim on direct appeal. When a defendant fails to raise a claim on direct appeal, the claim is procedurally barred on collateral review. *Bousley v. United States*, 523 U.S. 614, 622 (1998). If a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant demonstrates cause for not raising the claim previously and either actual prejudice or that he is actually innocent. *Id.* Petitioner has not identified any cause for his failure to raise breach of the agreement on direct appeal or actual prejudice from the error, so he cannot overcome his default. Moreover, while the petition is unclear as to the basis for the alleged breach of the agreement, the claim appears to be based on the same reasons that petitioner claims his plea was invalid. As already noted, the Sixth Circuit rejected these arguments; thus, even if petitioner had asserted actual prejudice, the claim would fail. Finally, as discussed below in Section C, petitioner cannot show that he is actually innocent.

**B. Ground two - severance**

The basis of petitioner's second ground for relief is that his case should have been severed from his co-defendants' cases. Petitioner, however, did not file a motion to sever. This is not an issue that can be raised for the first time in a § 2255 motion. While petitioner states that he is not bringing an ineffective assistance of counsel claim, even if the court construes his second ground for relief as an ineffective assistance claim, it still fails. (*See* Doc. 473 at 11) ("Respectfully, ineffective counsel is not a stated ground.").

5

The Sixth Amendment guarantees a criminal defendant the right to effective counsel at all "critical stages" of the criminal process. *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012). To establish an ineffective assistance of counsel claim, a petitioner must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The deficient performance prong requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In determining if counsel's performance was deficient, a court "must be highly deferential" and avoid the "distorting effects of hindsight." *Id.* at 689. The prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the rest of the proceeding would have been different." *Id.* at 694. To show prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011) (citing *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006)).

Here, petitioner does not show that counsel's failure to file a motion to sever falls below an objective standard of reasonableness. "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials...promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933 (1993) (internal citations and quotations omitted). A motion to sever should only be granted where a defendant "show[s] compelling, specific, and actual prejudice from [the]...refusal to grant the motion to sever." *United States v.*

*Gardiner*, 463 F.3d 445, 472–73 (6th Cir. 2006) (citations omitted). Petitioner does not identify any compelling, specific, and actual prejudice that would have entitled him to a severance.[2] Moreover, he acknowledges that severance is "rarely granted" in a conspiracy case. (Doc. 470-1 at 28). Under these circumstances, counsel's decision not to file a motion for severance does not constitute deficient performance. *See Lott v. MacLaren*, 569 F. App'x 392, 398 (6th Cir. 2014) (quoting *Cone v. Bell*, 243 F.3d 961, 978 (6th Cir. 2001)) (noting that strategic choices by counsel "need not be particularly intelligent or even one most lawyers would adopt").

Moreover, petitioner has not shown that he was prejudiced by counsel's failure to file a motion for severance. He does not even attempt to show that, had severance been granted, he would not have pled guilty and would have insisted on going to trial.

**C. Ground three - Amendment 794/actual innocence**

Petitioner devotes much of his opening brief to arguing that he is not guilty of conspiracy because he merely "distributed drugs, purchased from the 'conspiracy.'" (Doc. 470-1 at 37). According to petitioner, he "was acquainted with the conspirators and even engaged in criminal conduct himself, but that was not enough to make him part of the conspiracy." (*Id.*). The basis for his argument is a statement made by the prosecutor at his change of plea hearing:

| | |
|---|---|
| The Court: | And were you specifically involved with helping to facilitate the transportation of cocaine in an engine block? |
| The Defendant: | No. |

---

[2] Petitioner claims that severance is necessary in cases where evidence of a prior felony conviction is required to prove an element of possession. (Doc. 470-1 at 27). This argument is irrelevant as his prior drug conviction was not an element of the conspiracy charge against him, but rather was a basis for the statutory enhancement.

7

> Mr. Yannucci: Your Honor, if I might. Mr. Logan was a distributor of the cocaine here in the Northern District of Ohio. The cocaine was–he was involved with Dale and Darrell Colbert. It was the Colberts who were responsible parties for transporting the cocaine from–or having the cocaine transported from California to the Northern District of Ohio.

(Doc. 318 at 12-13). Petitioner refers to this exchange throughout his petition and claims that the prosecutor's statement is evidence that Logan was not involved in the conspiracy.

In his reply brief, petitioner changes focus somewhat and argues that the evidence shows that he must be permitted to replead or that he should be resentenced as a "minimal participant" in the scheme. (Doc. 473 at 5). Petitioner seems to suggest that he is entitled to relief under Amendment 794 to the United States Sentencing Guidelines. Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense. Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role adjustment. The amendment became effective on November 1, 2015, more than two years after petitioner was sentenced.

To the extent that petitioner claims actual innocence, he must prove that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (internal quotations omitted). Petitioner does not meet this standard. Indeed, he acknowledges that he engaged in criminal activity and that he "had knowledge, approval of, and acquiescence in the object or purpose of this conspiracy." (Doc. 470-1 at 38). Somewhat contradictorily, he states that he "held no intention or agreement in participation," but this conclusory statement is insufficient to meet his burden. (Doc. 470-1 at 38).

8

Moreover, while a buyer-seller relationship alone is not enough to prove a conspiracy, one may exist "where there is additional evidence beyond the mere purchase or sale." *United States v. Herring*, 641 F. App'x 451, 453 (6th Cir. 2016), *cert. denied*, 136 S. Ct. 2402, 195 L. Ed. 772 (2016). *See, e.g., United States v. Nesbitt,* 90 F.3d 164, 167 (6th Cir. 1996) (holding that evidence of advanced planning and multiple transactions involving large quantities of drugs may show that the defendant was involved in the conspiracy and was not merely engaged in a buyer-seller relationship); *United States v. Anderson*, 89 F.3d 1306, 1310 (6th Cir. 1996) (holding that repeat purchases, purchases of large quantities, or other enduring arrangements, are sufficient to support a conspiracy conviction). Here, petitioner admitted to the factual predicate set forth in the plea agreement, which shows that he had an ongoing relationship with the Colbert brothers and that he engaged in multiple transactions involving large quantities of drugs with the brothers.[3] These facts are sufficient to show that petitioner participated in the conspiracy.[4] The prosecutor's statement that petitioner cites is not a concession that petitioner was not part of the conspiracy. Rather, the prosecutor was merely clarifying that petitioner was not involved in one specific act of the conspiracy, placing the cocaine in an engine block for transportation.

---

[3] *See United States v. Owens*, 215 F. App'x 498, 502 (6th Cir. 2007) ("A defendant's statements at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements.").

[4] While petitioner apparently has disavowed any ineffective assistance of counsel claims, he seems to argue in his petition that counsel was ineffective because he did not adequately explain the elements of conspiracy to petitioner and he allowed petitioner to accept the plea agreement. Assuming he has brought such claims, they fail. Petitioner has not shown that he would not have pled guilty if counsel had better explained the elements of conspiracy. In light of the facts to which petitioner pled guilty, he also cannot show that counsel's advice, if any, regarding his plea of guilty was objectively unreasonable.

Petitioner's claim also fails to the extent that it is based on Amendment 794.[5] When an amendment to the Sentencing Guidelines clarifies a vague guideline and results in a lower guideline range, a prisoner can move the sentencing court under 18 U.S.C. § 3582 for a reduction in the sentence if the amendment is listed in U.S.S.G. § 1B1.10. Thus, the more appropriate vehicle for petitioner's argument would have been a motion under § 3582. Nevertheless, petitioner's argument that he is entitled to be resentenced is not well-taken. Under Section 1B1.10(a)(2)(A), an amendment to the Sentencing Guidelines is not applied retroactively unless it is listed in Section 1B1.10(d). *See United States v. Horn*, 679 F.3d 397, 400 (6th Cir. 2012) ("18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 provide that the Commission's retroactivity determinations control whether district courts may resentence defendants...[T]he Commission has the responsibility to review and revise the Guidelines, and specify which amendments apply retroactively....These provisions grant the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect.") (internal quotations omitted). Because Amendment 794 is not listed in Section 1B1.10(d), it does not apply retroactively on collateral review.

**CONCLUSION**

For the foregoing reasons, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. Petitioner's request for an evidentiary hearing is also denied. No hearing is necessary where the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Wright v. U.S.*, 320 Fed. Appx. 421,

---

[5] Petitioner did not raise Amendment 794 in his initial brief, so the Government did not have an opportunity to respond to this issue.

426 (6th Cir. 2009). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

                                        /s/Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
Date:   9/22/16                   United States District Judge